**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**ASHEVILLE DIVISION**
**Civil Case No. 1:12cv355-MR**
**[Criminal Case No. 1:00cr57MR-3]**

| | | |
|---|---|---|
| **DERRICO DEMONTE JORDAN,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **O R D E R** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |
| | ) | |

THIS MATTER is before the Court on an initial review of Petitioner's Motion to Vacate, Set Aside or Correct Sentence, filed pursuant to 28 U.S.C. § 2255, [Doc. 2]. For the reasons that follow, Petitioner's Section 2255 motion will be dismissed.

## I. BACKGROUND

On June 25, 2001, Petitioner was convicted of one count of conspiracy to possess with intent to distribute cocaine base, in violation 21 U.S.C. § 846. [1:00cr57, Doc. 59: Judgment in a Criminal Case]. Petitioner was sentenced to an active term of 235-months' imprisonment. Petitioner filed a notice of appeal to the United States Court of Appeals for the Fourth Circuit, but that appeal was later dismissed. [Doc. Entry, Mar. 22, 2002].

On June 17, 2002, Petitioner filed a Section 2255 motion challenging his criminal judgment which the Court denied and dismissed with prejudice on August 19, 2002. [1:02cv146, Doc. 2]. Petitioner filed a Rule 60(b) motion seeking to have the Court reconsider the order of dismissal which was denied and Petitioner appealed. The Fourth Circuit treated the appeal as a petition to file a successive Section 2255 motion and then denied relief after concluding the Petitioner had not made the requisite showing as required by 28 U.S.C. § 2244(b)(3)(C) (2005). See United States v. Jordan, 124 F. App'x 196 (4th Cir. filed Mar. 28, 2005) (unpublished). [Doc. 76].

On November 8, 2012, Petitioner, by and through counsel, filed a motion for relief from his sentence contending that he is entitled to relief based on the Fourth Circuit's opinion in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc). Petitioner argues that prior state drug convictions no longer support his status as a career offender. Petitioner moves the Court for an order reducing his sentence. [1:12cv355, Doc. 2 at 3 ¶ 5].[1]

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions

---

[1] Petitioner filed alternative claims for relief under 28 U.S.C. § 2241, and through petitions for a writ of *coram nobis* and *audita querela*. On January 31, 2013, Petitioner filed a notice of voluntary dismissal of these claims for relief. [Doc. 3].

2

to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. The Court has considered the record in this matter and applicable authority and concludes that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides, in relevant part, that "[a] second or successive motion [under Section 2255] must be certified as provided in Section 2244 by a panel of the appropriate court of appeals to contain—

> **(1)** newly discovered evidence that, if proven and viewed in light of the        evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> **(2)** a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

The present Section 2255 motion is attacking the same criminal judgment which Petitioner challenged through his first Section 2255 motion. Petitioner has provided no evidence that he has secured authorization from

3

the Fourth Circuit to file a successive § 2255 motion. In fact, Petitioner, who is represented by counsel, does not even acknowledge in his filings that he has previously filed another §2255 motion. Since this current matter is a successive §2255 petition this Court is without jurisdiction to consider its merits and it must be dismissed. See, e.g., United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003); In re Vial, 115 F.3d 1191, 1194-95 (4th Cir. 1997) (en banc).

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

**IT IS, THEREFORE, ORDERED** that Petitioner's Section 2255 Motion is **DISMISSED** as successive. [Doc. 2].

4

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules

Governing Section 2255 Cases, the Court declines to issue a certificate of

appealability.

Signed: March 14, 2013

Martin Reidinger
United States District Judge